IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                ORDER

                Plaintiff,

                                                04-cr-210-jcs

      v.                                              08-cv-47-jcs

JOSEPH BUSTERUD,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Joseph Busterud has filed a motion pursuant to 28 U.S.C. § 2255, contending that his court-appointed counsel was constitutionally ineffective because he did not argue for a safety valve reduction at his sentencing. Plaintiff has filed a response to the motion asserting that defendant's § 2255 motion is untimely and should therefore be denied. (During Judge Shabaz's convalescence from shoulder surgery, I am handling his cases, including this one.)

      Section 2255 has a one-year period of limitations that begins running from the latest of (1) the date on which the defendant's conviction becomes final; or (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the

1

defendant from filing his motion; or (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant was sentenced on July 1, 2005. He did not appeal his conviction. Therefore, his conviction became "final" under 28 U.S.C. § 2255 ¶ 6(1) no later than the expiration of the 10-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(I), which was approximately July 10, 2005. Defendant filed this motion on January 18, 2008, well beyond the one year limitation period.

Defendant asserts that he qualifies for the exception under 28 U.S.C. § 2255(4) because he could not have discovered facts supporting his claim through the exercise of due diligence until after October 31, 2007 when his replacement counsel received his case file. According to defendant, replacement counsel's lack of access to defendant's file prevented counsel from obtaining the facts necessary to prepare an adequate § 2255 motion. Defendant's reasoning is flawed. He could have filed a § 2255 petition on his own in a timely manner. I conclude that this is not an exceptional situation that merits equitable tolling. Accordingly, I will deny defendant's § 2255 motion because it is not timely filed.

ORDER

Defendant's motion pursuant 28 U.S.C. § 2255 motion is DENIED as untimely.

Entered this 21st day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3